JOHN W. HUBER, United States Attorney (#7226)
CY H. CASTLE, Assistant United States Attorney (#4808)
PETER KUHN, Special Assistant United States Attorney (#3820)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 325-3285 • Facsimile: (801) 325-3387

FILED
U.S. DISTRICT COURT
2018 DEC -5 P 3:03
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 2:18 CR 540 DS |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | Vio. 18 U.S.C. § 157(2), Bankruptcy Fraud, (Count 1); 18 U.S.C. § 152(1), Bankruptcy Concealment (Count 2) 18 U.S.C. § 152(3), False Bankruptcy Declaration (Count 3); 18 U.S.C. § 152(2), False Bankruptcy Oath (Counts 4-6); 18 U.S.C. § 152(2), False Bankruptcy Document, 18 U.S.C. § 1519 (Counts 7-9); 18 U.S.C. § 152(7), Fraudulent Transfer and Concealment (Counts 10-11); 18 U.S.C. § 1957, Money Laundering (Counts 12-14); 18 U.S.C. § 2 (Aiding and Abetting) |
| THOMAS W. CROSSWHITE and BARBARA J. CROSSWHITE, | |
| Defendants. | |

The Grand Jury charges:

### The Bankruptcy Process

1.      A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and the person who files that petition is a "debtor" under federal bankruptcy law. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is

found in Title 11 of the United States Code.

2. Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities, income from prior years, and any anticipated increase in income. Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in the name of another person or entity on behalf of the debtor.

3. The most common bankruptcy cases include a Chapter 7 case, known as a liquidation case, a Chapter 13 case, known as a consumer reorganization case, and a Chapter 11 case, known as a business reorganization case.

4. A bankruptcy "estate" is created upon the filing of a bankruptcy petition, which is a collective reference to all legal or equitable interests of the debtor in property at the time of the bankruptcy filing. In a Chapter 11 case, the estate also includes all property debtors acquire after commencement of the case, including earnings from services performed.

5. In an individual Chapter 11 bankruptcy, debtors keep possession and control of the assets (referred to as the "debtor in possession") in the estate, while attempting to reduce debt and reorganize their financial affairs. The bankruptcy system is based on the fundamental premise and requirement that a debtor will make full disclosure of all assets and liabilities. The debtor is required to file with the bankruptcy court, under penalty of perjury, documents requiring full, accurate, and complete disclosure of his past and current financial status, including, among other filings, a: (1) Summary of Schedules (e.g., Assets and Liabilities; Current Income and Expenditures); and (2) Statement of Financial Affairs. These forms are signed by the debtor under penalty of perjury.

6. All debtors are required to attend a Section 341 Meeting of Creditors, at which the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities and the Statement of Financial Affairs.

7. If a bankruptcy trustee is assigned to the bankruptcy case, he or she is responsible for the administration of the debtor's bankruptcy estate, including the identification and liquidation of assets and the distribution of proceeds to creditors.

8. Bankruptcy provides debtors with an opportunity to obtain a fresh financial start through the discharges of their debts. A discharge depends upon the debtor's disclosure of a true and accurate picture of his or her financial affairs.

## Background

9. On January 10, 2012, CC Equity, Inc., an Oregon corporation, obtained a judgment against defendants Thomas and Barbara Crosswhite in the amount of $57,970.94 in the case of *Thomas W. Crosswhite, et. al v. Robert Burney*, et. al, Case No. CV07-08-0585, Court Appeals of the State of Oregon.

10. On December 6, 2011, CC Equity obtained a second judgment against defendants Thomas and Barbara Crosswhite in the amount of $59,951.08 in the case of *Porter v. CC Equity, Inc., et. al*, Case No. CV 10-0124, United States District Court for the District of Oregon.

11. After obtaining these judgments, CC Equity undertook efforts to collect the money they were owed by defendants Thomas and Barbara Crosswhite, including, but not limited to, garnishing insurance commissions and renewals owing to defendant Thomas Crosswhite.

12. In an effort to protect his insurance commissions and renewals from CC Equity's collection efforts, defendant Thomas Crosswhite transferred his interest in his insurance commissions and renewals to Jontiff, Inc., a company controlled by Barbara Crosswhite.

13. In an effort to protect their income from CC Equity's collection efforts, on or about December 26, 2012, defendants Thomas and Barbara Crosswhite opened a bank account with Wells Fargo bank, Account No. 8827, in the name of their daughter, "T.C." While signature authority for this account was in the name of T.C., defendants Thomas and Barbara Crosswhite, at all relevant times, exercised control and authority over this account.

14. While CC Equity was preparing to sale Barbara Crosswhite's interest in Jontiff at a sheriff's sale, defendant Thomas Crosswhite and Barbara Crosswhite, in order to stop the collection efforts of CC Equity through the bankruptcy automatic stay, filed a joint voluntary chapter 13 petition with the United States Bankruptcy Court for the District of Utah, *In re Thomas and Barbara Crosswhite*, Case No. 13-23860, on April 10, 2013. The defendants subsequently filed their Statement of Financial Affairs and Schedules of Assets and Liabilities under penalty of perjury with the bankruptcy court on April 24, 2013. The bankruptcy court dismissed this case on July 1, 2013.

15. On August 20, 2013, CC Equity scheduled a sheriff's sale of Barbara Crosswhite's interest in Jontiff. In order to stop the sheriff's sale through the bankruptcy automatic stay, defendants Thomas Crosswhite and Barbara Crosswhite filed a joint voluntary chapter 11 petition in the United States Bankruptcy Court for the District of Utah, *In re Thomas and Barbara Crosswhite*, Case No. 13-29472, On August 19, 2013.

## COUNT 1
## 18 U.S.C. § 157
## (Bankruptcy Fraud)

*The Scheme to Defraud*

16.     Beginning on or about December 2012, and continuing through at least on or about December 2016, defendants Thomas and Barbara Crosswhite, devised, intended to devise, and participated in a scheme to defraud the bankruptcy court, the bankruptcy trustee and their creditors through bankruptcy proceedings under 11, United States Code.

Concealment of Assets

17.     It was part of the scheme that the defendants to cause the filing of various documents in the United States Bankruptcy Court for the District of Utah which contained false information about their assets, including:

A.   A Schedule of Assets and Liabilities filed on or about August 19, 2013 in which the defendants fraudulently omitted to disclose the following assets:

- Lot 230 of BIG 'O' RV PARK, Okeechobee County Property (Parcel ID Number 1-17-38-35-0010-00000-230);
- Wells Fargo Account 8827;
- Wells Fargo Account 1857;
- Insurance Policy (112-309-245);
- Insurance Policy (112-309-243);
- 296,302 shares of Entaire Global Companies, Inc. stock;
- Glenwild golf membership; and
- Hokuli'a golf membership.

5

B. A Statement of Financial Affairs filed on or about August 19, 2013 in which the defendants fraudulently omitted to disclose their purchase of a 2007 VW Beetle as a gift for their daughter, T.C.

18. It was further part of the scheme that the defendants would deny that they provided any money for the purchase of the VW Beetle for their daughter, T.C., when questioned in connection with the bankruptcy proceeding.

Wells Fargo Account 8827

19. It was part of the scheme that the defendants would, prior to filing their bankruptcy case, open a bank account at Wells Fargo bank, Account No. 8827, in the name of a their daughter, T.C., over which they would maintain control and authority and would deposit and cause to be deposited approximately $450,000 for the purpose of concealing property of the estate from the bankruptcy court, bankruptcy trustee and their creditors.

20. It was further part of the scheme that the defendants would deny they opened any bank accounts in the name of their children prior to their bankruptcy filing when questioned in connection with the bankruptcy proceeding.

Purchase of Estate Property

21. It was further part of the scheme that the defendants would cause the filing of a document entitled "Settlement Agreement (Personal Property)" with the bankruptcy court on or about July 11, 2014 in which they fraudulently represented that the funds for their purchase of certain personal property of the estate from the chapter 7 bankruptcy trustee would not come from funds which were property of the estate.

22. It was further part of the scheme that the defendants would use a portion of the

6

money deposited into the Wells Fargo Account 8827 to attempt to purchase certain personal property of the bankruptcy estate.

Attempted Purchase of Real Estate

23. It was further part of the scheme that the defendants would use a portion of the money deposited into the Wells Fargo Account 8827 to attempt to purchase real estate lots after filing bankruptcy.

Chapter 11 Monthly Operating Reports

24. It was further part of the scheme that the defendants would, after their bankruptcy filing, cause the filing of chapter 11 monthly operating reports with the bankruptcy court which contained false statements about their monthly cash receipts.

Frist Meeting of Creditors

25. It was further part of the scheme that the defendants would, after the filing of bankruptcy, testify under oath at the first meeting of creditors that they had read and signed their Statement of Financial Affairs and Schedules of Assets and Liabilities and the information contained in these documents was true and correct.

*Execution of the Scheme*

26. On or about August 19, 2013, in the Central Division of the District of Utah,

**THOMAS CROSSWHITE and
BARBARA CROSSWHITE,**

the defendants herein, for the purpose of executing and concealing (and attempting to execute and conceal) the above-described scheme and artifice to defraud, filed a Schedule of Assets and Liabilities and Statement of Financial Affairs in the United States Bankruptcy Court for the

District of Utah, *In re Thomas and Barbara Crosswhite*, Case No. 13-29472; all in violation of 18 U.S.C. §§ 157(2) and 2.

**COUNT 2
18 U.S.C. § 152(1)
(Bankruptcy Concealment)**

27.     The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

28.     Between on or about August 2013 and on or about December 2016, in the Central Division of the District of Utah,

**THOMAS CROSSWHITE and
BARBARA CROSSWHITE,**

the defendants herein, did knowingly and fraudulently conceal from creditors of the bankruptcy estate of Thomas and Barbara Crosswhite, the bankruptcy court and bankruptcy trustee in bankruptcy the following assets:

- Lot 230 of BIG 'O' RV PARK, Okeechobee County Property (Parcel ID Number 1-17-38-35-0010-00000-230);

- Wells Fargo Account 8827;

- Wells Fargo Account 1857;

- Insurance Policy (112-309-245);

- Insurance Policy (112-309-243);

- 296,302 Shares of Entaire Global Companies, Inc. stock;

- Glenwild golf membership; and

- Hokuli'a golf membership;

All in violation of 18 U.S.C. §§ 152(1) and 2.

## COUNT 3
## 18 U.S.C. § 152(3)
### (False Bankruptcy Declaration)

29. The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

30. On or about August 19, 2013, in the Central Division of the District of Utah,

**THOMAS CROSSWHITE and
BARBARA CROSSWHITE,**

the defendants herein, knowingly and fraudulently made a material false declaration and statement under the penalty of perjury as permitted under section 1746 of Title 28 in and in relation to a case under Title 11, *In re Thomas and Barbara Crosswhite*, Case No. 13-29472, by filing and causing to be filed Statement of Financial Affairs and Schedules of Assets and Liabilities, in which the defendants fraudulently omitted to disclose the following:

- Lot 230 of BIG 'O' RV PARK, Okeechobee County Property (Parcel ID Number 1-17-38-35-0010-00000-230) as required by Schedule A of the Schedule of Assets and Liabilities;

- Wells Fargo bank account, Account No. 8827, as required by Item 2 of Schedule B of the Schedule of Assets and Liabilities;

- Wells Fargo bank account, Account No. 1857, as required by Item 2 of Schedule B of the Schedule of Assets and Liabilities

- Insurance Policy (112-309-245) as required by Item 9 of Schedule B of the Schedules of Assets and Liabilities;

- Insurance Policy (112-309-243) as required by Item 9 of Schedule B of the Schedules of Assets and Liabilities;

- 296,302 Shares of Entaire Global Companies, Inc. stock as required by Item 13 of Schedule B of the Schedules of Assets and Liabilities;

- Glenwild golf membership as required by Item 35 of Schedule B of the Schedules

9

of Assets and Liabilities;

- Hokuli'a golf membership as required by Item 35 of Schedule B of the Schedules of Assets and Liabilities; and

- Gift of VW Beetle to their daughter, T.C., as required by question 7 of the Statement of Financial Affairs.

All in violation of 18 U.S.C. §§ 152(3) and 2.

## COUNT 4
## 18 U.S.C. § 152(2)
## (False Bankruptcy Oath)

31. The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

32. On or about May 13, 2014, in the Central Division of the District of Utah,

**THOMAS CROSSWHITE and
BARBARA CROSSWHITE,**

defendants herein, knowingly and fraudulently made a material false statement under oath in and in relation to a case under Title 11, *In re Thomas and Barbara Crosswhite*, Case No. 13-29472, by falsely testifying under oath in a proceeding before the case trustee at a meeting of creditors as underscored below:

Thomas Crosswhite: The Volkswagen is a second car my daughter has and she's been letting her mother use it . . .

Trustee: And the – and the Beetle -- are either of you on title to the Beetle?

Thomas Crosswhite: No, sir.

Trustee: Have you ever been . . .?

Barbara Crosswhite: No. No. I'm not on title. I'm not on the title.

10

>Trustee: All right.
>
>Barbara Crosswhite: I'm not on title. It's my daughter's car.
>
>Trustee: Okay. You provide any money or any other assets to help purchase or acquire that vehicle?
>
>Thomas Crosswhite: <u>No.</u>
>
>Barbara Crosswhite: <u>No.</u> It's not a – what is it? A 2006 or something like that.

Defendants made the forgoing false declaration knowing full well that they provided the money for the purchase of the VW Beetle for their daughter from the proceeds from the sale of their Mercedes G500 for $25,500 to Ken Garff Chrysler Jeep Dodge.

All in violation of 18 U.S.C. §§ 152(2) and 2.

## COUNT 5
## 18 U.S.C. § 152(2)
## (False Bankruptcy Oath)

33. The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

34. On or about January 16, 2015, in the Central Division of the District of Utah,

**THOMAS CROSSWHITE,**

defendant herein, knowingly and fraudulently made a material false statement under oath in and in relation to a case under Title 11, *In re Thomas and Barbara Crosswhite,* Case No. 13-29472, by falsely testifying under oath in a Bankruptcy Rule 2004 Examination as underscored below:

<u>VW Beetle</u>

>Thomas Crosswhite: And we also have documentation that I produced on

11

the Volkswagen that you requested. You said it was a new Beetle.

    Ms. Hunt: Right.

    Thomas Crosswhite: The car is about eight years old.

    Ms. Hunt: Okay.

    Thomas Crosswhite: It was owned by my daughter, and the title is in my daughter's name. <u>She paid for it</u>. And the insurance she pays for, I provided that information also.

    Ms. Hunt: Okay

* * * * * * *

<u>Wells Fargo Account 8827</u>

    Ms. Hunt: Okay. Did you give any -- between August of 2012 and August of 2013, did you transfer any property at all to your son?

    Thomas Crosswhite: No.

    Ms. Hunt: Did you open any accounts in his name?

    Thomas Crosswhite: No.

    Ms. Hunt: How about opening accounts in your daughter's name during that period of time?

    Thomas Crosswhite: <u>No</u>.

Defendant made the foregoing false declarations knowing full well the following:

1. He and his wife provided the money for the purchase the VW Beetle from the proceeds from the sale of their Mercedes G500 for $25,500 to Ken Garff Chrysler Jeep Dodge.

2. He and his wife had opened a Wells Fargo bank account, Account No. 8827, in the

name of their daughter, T.C., prior to their bankruptcy filing on August 19, 2013.

All in violation of 18 U.S.C. §§ 152(3) and 2.

## COUNT 6
## 18 U.S.C. § 152(2)
## (False Bankruptcy Oath)

35.   The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

36.   On or about January 16, 2015, in the Central Division of the District of Utah,

**BARBARA CROSSWHITE,**

defendant herein, knowingly and fraudulently made a material false statement under oath in and in relation to a case under Title 11, *In re Thomas and Barbara Crosswhite*, Case No. 13-29472, by falsely testifying under oath in a Rule 2004 Examination as underscored below:

Ms. Hunt: Okay. Let's look at – what I want to focus on is page No. – what's marked as page No. 7. So at the top there's page numbers. It's actually not 7. Page No. 8 of Exhibit 1. And you see there you have listed four bank accounts?

Barbara Crosswhite: Yes

Ms. Hunt: Those were your only bank accounts when you filed bankruptcy?

Barbara Crosswhite:   <u>Yes</u>

Ms. Hunt: Okay. And you didn't have an account open for any children or grandchildren or anything like that?

Barbara Crosswhite: <u>No.</u>

\* \* \* \* \* \*

Ms. Hunt: Okay. So is it fair to say that most of your cash transactions that happened after August 2013 went through the Bank of America account and Wells Fargo account [Account No. 6686]?

Barbara Crosswhite. <u>Correct.</u>

Ms. Hunt. Okay.

Barbara Crosswhite. <u>Yeah.</u>

Ms. Hunt. I just wanted to clarify that. Okay. You didn't use any other bank accounts?

A. <u>No, I didn't use any.</u>

Defendant made the foregoing false declarations knowing full well the following:

1. She and her husband had opened a bank account at Wells Fargo bank, Account No. 8827, in the name of their daughter, T.C., prior to the filing of their bankruptcy case on August 19, 2013.

2. She and her husband used the Well Fargo bank account, Account No. 8827, to deposit and withdraw approximately $250,000 after August 2013 until the account was closed in July 2015.

All in violation of 18 U.S.C. § 152(3).

**<u>COUNT 7</u>
18 U.S.C. § 1519
(False Bankruptcy Documents)**

37.     The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

/

/

14

38. On or about December 23, 2013, in the Central Division of the District of Utah,

**THOMAS CROSSWHITE and
BARBARA CROSSWHITE,**

defendants herein, knowingly falsified, concealed and made a false entry in a document with the intent to impede, obstruct and influence a case filed under Title 11, *In re Thomas and Barbara Crosswhite*, Case No. 13-29472, by filing a Monthly Operating Report for November 1, 2013 – November 30, 2013, in which the defendants falsely stated their total cash receipts were only $8,116.40 when in truth and fact their total cash receipts for November 1, 2013 – November 30, 2013 were in excess of $140,000; all in violation of 18 U.S.C. §§ 1519 and 2.

## COUNT 8
## 18 U.S.C. § 1519
### (False Bankruptcy Documents)

39. The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

40. On or about March 13, 2014, in the Central Division of the District of Utah,

**THOMAS CROSSWHITE and
BARBARA CROSSWHITE,**

defendants herein, knowingly falsified, concealed and made a false entry in a document with the intent to impede, obstruct and influence a case filed under Title 11, *In re Thomas and Barbara Crosswhite*, Case No. 13-29472, by filing a Monthly Operating Report for February 1, 2014 – February 28, 2014, in which the defendants falsely stated their total cash receipts were only $18,517.06 when in truth and fact their total cash receipts for February 1, 2014 – February 28, 2014 were in excess of $25,000; all in violation of 18 U.S.C. §§ 1519 and 2.

/

## COUNT 9
## 18 U.S.C. § 1519
## (False Bankruptcy Documents)

41. The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

42. On or about July 11, 2014, in the Central Division of the District of Utah,

**THOMAS CROSSWHITE and
BARBARA CROSSWHITE,**

defendants herein, knowingly falsified, concealed and made a false entry in a document with the intent to impede, obstruct and influence a case filed under Title 11, *In re Thomas and Barbara Crosswhite*, Case No. 13-29472, by causing to be filed a Settlement Agreement (Personal Property) with the bankruptcy court in which the defendants falsely stated under penalty of perjury that the money to purchase certain personal property of the bankruptcy would not come from property of the estate when in truth and fact the money used to purchase the personal property came from property of the estate; all in violation of 18 U.S.C. §§ 1519 and 2.

## COUNT 10
## 18 U.S.C. § 152(7)
## (Fraudulent Transfer and Concealment)

43. The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

44. On or about June 13, 2014, in the Central Division of the District of Utah,

**THOMAS CROSSWHITE,**

the defendant herein, with the intent to defeat the provisions of Title 11, United States Code, did knowingly and fraudulently transfer and conceal his property by causing to be deposited into

Wells Fargo Account 8827 a check from The Club of Hokali'a for $92,716.29 made payable to T. Crosswhite; all in violation of 18 U.S.C. § 152(7).

### COUNT 11
### 18 U.S.C. § 152(7)
### (Fraudulent Transfer and Concealment)

45. The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

46. On or about November 4, 2014, in the Central Division of the District of Utah,

**BARBARA CROSSWHITE,**

the defendant herein, with the intent to defeat the provisions of Title 11, United States Code, did knowingly and fraudulently transfer and conceal by transferring her interest in Lot 230 of BIG "O" RV PARK, Okeechobee County Property (Parcel ID Number 1-17-38-35-0010-00000-230) by warranty deed to J.E.C.; all in violation of 18 U.S.C. § 152(7).

### COUNTS 12-14
### 18 U.S.C. § 1957
### (Money Laundering)

47. The grand jury incorporates by reference paragraphs 1 through 26 as if fully stated herein.

48. On or about the dates listed for each count below, within the Central Division of the District of Utah,

**THOMAS CROSSWHITE,**

defendant herein, knowingly engaged, and aided, abetted, counseled, commanded, induced and procured, in the following monetary transactions and aided and abetted involving funds that were the proceeds of criminally derived property and had a value in excess of $10,000, and were

17

derived from a specified unlawful activity, with each such transaction constituting a separate count in the Indictment:

| Count | Date (on or about) | Transaction Amount (approximately) | Specified Unlawful Activity |
|---|---|---|---|
| 12 | June 24, 2014 | Check in the amount of $19,000 from Thomas Crosswhite to R.M. | 18 U.S.C. § 152 (concealment) |
| 13 | June 30, 2014 | Check in the amount of $14,300 from Thomas Crosswhite to W.G.J. | 18 U.S.C. § 152 (concealment) |
| 14 | July 2, 2014 | Check in the amount of $25,000 to Summit Escrow & Title | 18 U.S.C. § 152 (concealment) |

All in violation of 18 U.S.C. § 1957.

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY

JOHN W. HUBER
United States Attorney

_____
CY H. CASTLE
Assistant United States Attorneys
PETER KUHN
Special Assistant United States Attorney

18